UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| PASTOR JERRY JOSEPH DUWENHOEGGER, SR.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JOHN R. KING, STEVE HAMMER, MICHELLE L. SMITH, MARY M. McCOMB, GREG J. LINDELL, RICHARD D. WILSON, DAVID REISHUS, SHERYL L. VEZNER, JONATHAN WEISS, DEBORAH SCHADEGG, JEFF L. AMBERG, DEBORAH A. GARBISON, SCOTT A. BEHRENDS, LANA K. JENSEN, DAVID S. LOETSCHER, CHRISTOPHER D. CHUTE, PAUL D. HOFLUND, JOSEPH HOBSON, MICHAEL S. GREEN, BRUCE W. JULSON, LISA S. RUDEEN, JUNE E. LIND, SHANNON REIMANN, CHRISTOPHER SEIDLER, JOHN SOFIE, NICHOLAS DUFFY, SUSAN M. ARMSTRONG, SEAN C. KELLY, COURTNEY FELDA, JENNY M. CARUFEL, LEIGH C. McCOY, ANDREW LIEFFORT, DAVID R. CRIST, JOAN M. FABIAN, KENT GRANDLIENARD, MICHAEL F. ROGOSHESKE, JOE DUROCHER, BARB STOLTZ, DANIEL KELLY, and JOHN C. HILLYARD,<br><br>　　　　Defendants. | Civil No. 10-3965 (PJS/JSM)<br><br>**ORDER** |

　　　　Plaintiff, a Minnesota state prison inmate, is seeking relief for alleged violations of his federal constitutional rights. The matter is presently before the Court for resolution of two pending applications for relief – Plaintiff's amended application for leave to proceed in forma pauperis, ("IFP"), (Docket No. 8), and Plaintiff's motion seeking leave to file an

amended complaint, (Docket No. 24). Both of those requests will be granted.

When Plaintiff commenced this action, he did not tender the $350.00 filing fee required by 28 U.S.C. § 1914(a), but he instead applied for leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). (Docket No. 2.) Plaintiff's original IFP application was found to be defective, because it did not provide the prisoner trust account information required by 28 U.S.C. § 1915(a)(2). Therefore, Plaintiff was required to file an amended IFP application that included the required trust account information. (Order dated October 4, 2010; [Docket No. 3].) Plaintiff was also directed to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). (Id.) Plaintiff subsequently filed an amended IFP application, (Docket No. 8), and after some considerable delay, he also paid his initial partial filing fee, (Docket No. 20).

Based on the information furnished in Plaintiff's amended IFP application, the Court now finds that he is eligible for IFP status. Therefore, Plaintiff's amended IFP application will be granted at this time. This means that Plaintiff will be allowed to bring the present action without pre-paying the full $350.00 filing fee. However, he will be required to pay the remaining balance of the filing fee – i.e., $334.70 – in installments, in the manner prescribed by 28 U.S.C. § 1915(b)(2). The Clerk of Court shall provide notice of this requirement to the prison authorities at the institution where Plaintiff is confined.

After Plaintiff filed his amended IFP application, he filed a motion seeking leave to file an amended complaint. (Docket No. 24.) Plaintiff's motion was accompanied by his proposed amended complaint. (Docket No. 25.) Because service of process has not yet been effected on any of the named Defendants in this case, Plaintiff is entitled to amend his complaint "once as a matter of course" pursuant to Fed. R. Civ. P. 15(a). Therefore,

Plaintiff's motion to amend will be granted, and his proposed amended complaint will henceforth be treated as the operative pleading in this case.

In a Report and Recommendation filed contemporaneously with this order, the Court has recommended that this action be dismissed as to 32 of the Defendants named in the amended complaint, pursuant to 28 U.S.C. § 1915A.[1]  For now, the Court will defer any ruling on the legal sufficiency of Plaintiff's claims against the eight remaining Defendants in this action – Mary M. McComb, Greg J. Lindell, Richard D. Wilson, Sheryl L. Vezner, June E. Lind, Daniel Kelley, Michael F. Rogosheske, and John C. Hillyard.  If service of process is effected on those Defendants, they will be required to file an answer or other responsive pleading, notwithstanding the provisions of 42 U.S.C. § 1997e(g).  A copy of this order shall be served with the summons and the amended complaint, so that Defendants will be apprised of their obligation to file a responsive pleading.

Because Plaintiff is being granted leave to proceed IFP, he is entitled to have the eight remaining Defendants in this action served by the United States Marshal.  28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2).  However, Marshal service cannot be accomplished at this time, because Plaintiff has not submitted the documentation needed to effect service of process.  To cure this deficiency, Plaintiff must submit one properly completed Marshal Service Form, Form USM-285, for each of the eight remaining Defendants in this case.

---

[1] The Court has recommended dismissal as to Defendants David Reishus, Jonathan Weiss, Deborah Schadegg, Jeff L. Amberg, Deborah A. Garbison, Lana K. Jensen, David S. Loetscher, Christopher D. Chute, Paul D. Hoflund, Joseph Hobson, Michael S. Green, Lisa S. Rudeen, Christopher Seidler, John Sofie, Nicholas Duffy, Susan M. Armstrong, Courtney Felda, Leigh C. McCoy, Andrew Lieffort, David R. Crist, Joan M. Fabian, Sean Kelly, John R. King, Steve Hammer, Shannon Reimann, Jenny M. Carufel, Bruce W. Julson, Michelle L. Smith, Barb Stoltz, Kent Grandlienard, Joe Durocher, and Scott A. Behrends.

See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir.) (per curiam) (it is the pro se plaintiff's "responsibility to provide proper addresses for service on [defendants]"), cert. denied, 510 U.S. 875 (1993).[2]  If Plaintiff does not satisfy this requirement within the next thirty (30) days, he will be deemed to have abandoned this action, and it will be recommended that the case be dismissed, without prejudice, for lack of prosecution.  Fed. R. Civ. P. 41(b).  If Plaintiff does satisfy this requirement in a timely manner, then a summons shall be issued, and the Clerk of Court and the United States Marshal shall take all actions necessary to effect valid service of process in accordance with Fed. R. Civ. P. 4 on each of the eight remaining Defendants for whom a properly completed marshal service form has been submitted.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1.  Plaintiff's amended application for leave to proceed in forma pauperis, (Docket No. 8), is GRANTED;

2.  Plaintiff shall pay the unpaid balance of the filing fee for this action -- namely $334.30 -- in the manner prescribed by 28 U.S.C. § 1915(b)(2); and the Clerk of Court shall provide notice of this requirement to prison authorities at the institution where Plaintiff is confined;

3.  Plaintiff's motion for leave to file an amended complaint, (Docket No. 24), is GRANTED, and Plaintiff's amended complaint, (Docket No. 25), shall henceforth be treated as the operative pleading in this case;

---

[2]  Form USM-285 will be provided by the Clerk's office upon request.

4. Within thirty (30) days after the date of this order, Plaintiff shall submit a properly completed Marshal Service Form, (USM-285), for each of the eight remaining Defendants in this action, failing which it will be recommended that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b);

5. If Plaintiff complies with the requirements of this order in a timely manner, a summons shall be issued, and the Clerk of Court and the United States Marshal shall take all action necessary to effect valid service of process, pursuant to Fed. R. Civ. P. 4, on those of the eight remaining Defendants for whom Plaintiff has submitted a properly completed Marshal service form;

6. A copy of this order shall be served together with the summons and Plaintiff's amended complaint; and

7. Each Defendant on whom service of process is properly effected will be required to file a response to Plaintiff's amended complaint.

Dated: February 18, 2011

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge