UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| PASTOR JERRY JOSEPH DUWENHOEGGER, SR., | Civil No. 10-3965 (PJS/JSM) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| JOHN R. KING, et al., | |
| Defendants. | |

This matter has been referred to the undersigned Magistrate Judge for screening of Plaintiff's Second Amended Complaint, (Docket No. 45), pursuant to 28 U.S.C. § 1915A. (See Orders dated March 18, 2011, [Docket No. 43], and March 28, 2011, [Docket No. 46].) The Court previously screened an earlier pleading in this case, and recommended that this action be dismissed as to many of the named Defendants. (See Report and Recommendation dated February 18, 2011, [Docket No. 33], [hereafter "R&R-I"].) Those Defendants included Michelle L. Smith, Bruce W. Julson, Barb Stoltz, Kent Grandlienard, and Joe Durocher. The Court finds no new allegations in Plaintiff's Second Amended Complaint that alter the Court's previous assessment of Plaintiff's claims against those five Defendants.

As far as the Court can tell, the Second Amended Complaint does not add any new allegations pertaining to Defendants Barb Stoltz, Kent Grandlienard, and Joe Durocher. Therefore, the Court will recommend that this action be dismissed as to those Defendants for the reasons set forth in R&R-I. (See R&R-I, pp. 6-9.)

With regard to Defendant Bruce W. Julson, the Second Amended Complaint repeats allegations that were found to be inadequate in R&R-I, and adds only a few more vague and ineffectual allegations. In those additional allegations, Plaintiff avers that Defendant Julson tried to punish him, called him "a liar," caused him to be "taken to a hearing," and wrongly attempted to discipline him "due to his exercise of his birthright as a sovereign." (Second Amended Complaint, [Docket No. 45], p. 25].) These anomalous allegations do not alter the Court's previous assessment of Plaintiff's claim against Defendant Julson. Therefore, the Court finds that Defendant Julson should be dismissed from this action, for the reasons set forth in R&R-I.

The Second Amended Complaint likewise fails to state an actionable claim against Defendant Michelle L. Smith. Again, the current pleading repeats the allegations that were previously found to be deficient, and it presents additional allegations, (see id., pp. 50 and 65), which are also deficient. Plaintiff alleges (multiple times) that Defendant Smith failed to respond to "kites," (i.e., prison grievance forms), that he sent to her. However, as the Court pointed out in R&R-I, prison employees are not constitutionally obligated to respond to prisoner grievances. (See R&R-I, p. 7, citing Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). Thus, the Court finds that Defendant Smith also should be dismissed from this action, for the reasons discussed in R&R-I.

Finally, the Court finds that the Second Amended Complaint fails to state an actionable claim for relief against Defendant Margaret Thron. Plaintiff's allegations against Defendant Thron are essentially the same as those made against Defendants Smith, Julson, and Stoltz. (See Second Amended Complaint, p. 71.) Plaintiff alleges that Thron failed to respond to his kites in accordance with his wishes, and thereby "cover[ed] up" and

"conceal[ed]" alleged misconduct by her subordinates. But again, prison officials do not have a constitutional duty to process grievances, and Defendant Thron did not violate Plaintiff's constitutional rights by (allegedly) failing to give him a reply to his kites. Thus, the Court finds no actionable claim for relief against Defendant Thron in the Second Amended Complaint.

For the reasons discussed above, the Court will recommend that this action be summarily dismissed as to the following six named Defendants: Michelle L. Smith, Bruce W. Julson, Barb Stoltz, Kent Grandlienard, Joe Durocher, and Margaret Thron. The Court will defer any ruling on the adequacy of Plaintiff's allegations against the remaining Defendants. Plaintiff will be allowed to pursue the claims brought against those Defendants in his Second Amended Complaint, without prejudice to any defenses those Defendants may seek to raise in this matter.

## RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's claims against Defendants Michelle L. Smith, Bruce W. Julson, Barb Stoltz, Kent Grandlienard, Joe Durocher, and Margaret Thron, be dismissed pursuant to 28 U.S.C. § 1915A(b); and

2. Plaintiff's claims against the remaining Defendants named in the Second Amended Complaint be allowed to proceed at this time, without prejudice to any defenses

that those Defendants may later seek to raise.


Dated:    April 27, 2011

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 11, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.